# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| ROBERT V. WONSCH, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| -vs- | ) | Case No. CIV-17-1212-F |
| JAMES RADFORD, | ) | (District Court of Cleveland County Case No. CJ-2017-1278) |
| Defendant. | ) | |

## ORDER

Plaintiff Robert Wonsch, a Cleveland County pre-trial detainee appearing pro se, filed this action in the District Court of Cleveland County, State of Oklahoma, against James Radford, attorney at law, alleging that the defendant violated plaintiff's constitutional rights in his representation of plaintiff in a state court criminal proceeding. Defendant removed the action to this court.

In Magistrate Judge Suzanne Mitchell's Report and Recommendation of December 15, 2017 (doc. no. 5, the Report), the magistrate judge recommends the court remand this action under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. The Report advises the parties that any objection to the Report must be filed by January 4, 2018, and that failure to make timely objection waives the right to appellate review of the factual and legal issues addressed in the Report.

Defendant James Radford filed an objection to the Report on January 4, 2018. Doc. no. 10.

Plaintiff filed a motion asking the court to appoint counsel for the plaintiff (doc. no. 6); an objection to defendant's motion to dismiss (doc. no. 7) which, liberally construed, is considered an objection to the Report; an "Order to Name

Defendant(s) and Claim(s)" (doc. no. 8); an "Order for Mandatory Mediation" (doc. no. 9); an objection to defendant Radford's objection (doc. no. 11) which, liberally construed, is considered as an objection to the Report and a reply to Mr. Radford's objection to the Report; and a document (or collection of documents) entitled "Writ of Habeas Corpus," which purports to be a copy of documents filed in the District Court of Cleveland County (doc. no. 12), and which the Clerk of this Court has docketed as a Notice of a State Court Writ of Habeas Corpus.

Defendant's objection to the Report argues that, contrary to the magistrate judge's conclusion, this court has subject matter jurisdiction over this action. Defendant argues this action should not be remanded but should, instead, be dismissed for failure to state a plausible claim under § 1983. Defendant further argues that it is unlikely plaintiff is asserting any state claims pursuant to the Oklahoma Constitution.

Plaintiff's objections to the Report make a variety of arguments. Among other things, plaintiff argues that he is entitled to relief on the merits. Plaintiff also states that he filed an amended petition in state court on January 3, 2018 (doc. no. 11, p. 1), post-removal.

Having reviewed both parties' objections to the Report, the court agrees with the Report. As stated in Lay v. Otto, 530 Fed. Appx. 800, 802 (10th Cir. 2013), unpublished, quoting Polk County v. Dodson, 454 U.S. 312 (1981), the color of law element is a jurisdictional requisite for a § 1983 action, and public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Accordingly, Lay remanded the case to the district court, with directions to dismiss the lawsuit without prejudice for lack of subject-matter jurisdiction. Lay, at 803. Similarly here, the face of the complaint (petition) shows that the color of law requirement is not met. As a result, this court lacks subject matter jurisdiction. As stated in 28 U.S.C. § 1447(c): "[If]

2

at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

After de novo review, the objections to the Report are **DENIED**, and the Report is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. As recommended in the Report, this action is **REMANDED** to the District Court of Cleveland County, State of Oklahoma, under 28 U.S.C. § 1447(c). Plaintiff's motion to appoint counsel is **DENIED**.

IT IS SO ORDERED this 23rd day of January, 2018.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

17-1212p002.docx